**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| INDIA LOTT,<br>Plaintiff,<br>v.<br>TK HEALTH,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-03058-SHL-cgc |

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("R&R"), filed August 24, 2026. (See ECF No. 26.) In the R&R, Judge Claxton recommends granting Defendant TK Health's Motion to Dismiss, (ECF No. 14), dismissing with prejudice pro se Plaintiff India Lott's Complaint, (ECF No. 2), and denying as futile Lott's Motion to Amend her complaint, (ECF No. 24.). (See ECF No. 26 at PageID 140, 141.) For the reasons below, the Court **ADOPTS** the R&R in part and **REJECTS** the R&R in part.

**BACKGROUND AND PROCEDURAL HISTORY**[1]

Lott is a black woman who alleges that, beginning in late 2024, her former employer, TK Health, discriminated and retaliated against her in violation of federal law. (ECF No. 2 at PageID 5; ECF No. 2-2 at PageID 10.) Lott alleges that she experienced "a hostile and harassing

[1] The facts are taken from Lott's complaint and are accepted as true at this stage. See Jones v. Varsity Brands, LLC, 618 F. Supp. 3d 713, 717 n.2 (W.D. Tenn. 2022).

work environment," including verbal attacks from co-workers. (ECF No. 2-2 at PageID 10.) She reported the harassment and was reassigned to another facility operated by TK. (Id.)

Trouble at work continued into the spring of 2025, when Lott took leave for health reasons. (Id.) According to her, she was permitted time off work, but TK later "tried to rush [her] back to work before [she] was medically ready." (Id.) Ultimately, a regional manager for TK informed Lott that her employment had been terminated because she failed to return to work in a timely manner. (Id.) Then, TK-employee Kara Black informed her that she could continue her employment by transferring to a TK-operated facility in Texas. (Id. at PageID 11.) Lott responded that she made other arrangements because she believed she had been terminated. (Id.) But Lott stated that she could report a few days later. (Id.) However, Lott stopped receiving messages about the Texas assignment, and was informed that she had been officially separated from TK. (Id.)

Following these incidents, Lott sued TK for employment discrimination in violation of Title VII of the Civil Rights Act, based on her race and color. See 42 U.S.C. § 2000e et seq. (ECF No. 2 at PageID 1, 4.) TK seeks dismissal under Rule 12(b)(6), arguing that Lott has not pled sufficient facts to support her numerous Title VII theories. (ECF No. 14-1.) The R&R recommends dismissal under Rule 12(b)(6) and denial of Lott's motion to amend her complaint as futile because "[t]he proposed amended complaint is a restatement of the allegations made in the initial complaint and attachments." (ECF No. 26 at PageID 140–41.)

Lott timely objected to the R&R. (ECF No. 27.) TK responded to the objection, arguing that Lott's objections are general and therefore do not constitute a proper objection. (ECF No. 28 at PageID 150–51.)

## STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A party's objections to an R&R must be specific. Thomas v. Arn, 474 U.S. 140, 151 (1985). An objection is specific if it enables the court to focus on the factual and legal issues "that are at the heart of the parties' dispute." Jackson v. Social Sec. Admin., No. 3:20-cv-00818, 2021 WL 8013869, at *1 (M.D. Tenn. Sept. 8, 2021) (citation omitted). A district court reviews de novo proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(3).

## APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. (citing Twombly, 550 U.S. at 555).

Under Federal Rule of Civil Procedure 15, if a party files an untimely motion to amend, "[that] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The Court should freely give leave when justice so requires." Brown v. Nissan Motor Co., No. 2:20-cv-02611-SHL-tmp, 2020 WL 12918325, at *1 (W.D. Tenn. Dec. 21, 2020) (quoting Fed. R. Civ. P. 15(a)(2)). However, leave to amend is inappropriate "in cases involving 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" Hastings v. Shelby Cnty. Gov't, No. 2:17-cv-02687-SHL-cgc, 2019 WL 313203, at *2 (W.D. Tenn. Jan. 24, 2019) (citation omitted). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Id. (citation omitted).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v.

Luttrell, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (citation modified) (quoting Ashcroft v. Iqbal, 556 US. 662, 678 (2009)).

**Plaintiff's Objections**

Lott submits five objections to the R&R that are all specific enough to warrant de novo review. (ECF No. 27.) The first four argue that Lott's proposed amended complaint contains sufficient factual allegations for her claims to survive at the 12(b)(6) stage. (Id. at PageID 142–46.) Finally, Lott objects to the recommendation that her motion to amend be denied as futile because in it, Lott "suppl[ies] additional factual detail addressing previously identified pleading deficiencies." (Id. at PageID 145.)

**ANALYSIS**

The R&R's recommended disposition on Lott's Motion to Amend is critical to the analysis here. In it, Judge Claxton states her conclusion as follows: "[t]he proposed amended complaint is a restatement of the allegations made in the initial complaint and attachments[,] [therefore] [i]t is recommended that the motion to amend the complaint be denied as futile." (ECF No. 26 at PageID 141.) De novo review of Lott's motion to amend and proposed amended complaint reveals otherwise.

Leave to amend a pleading "should [be] freely given . . . when justice so requires." Brown, 2020 WL 12918325, at *1 (citation omitted). Moreover, "dismissal of a pro se plaintiff's claims can be 'a harsh remedy that should be utilized only in extreme situations.'" Hastings, 2019 WL 313203, at *2 (citation omitted) (modifying an R&R to permit a pro se plaintiff leave to amend her complaint). However, Defendant argues, and the R&R recommends, that the motion to amend the complaint be denied as futile.

As explained below, as to her race discrimination and retaliation claims, Lott's proposed amended complaint "contain[s] sufficient factual matter, accepted as true, to state . . . claim[s] to relief that [are] [facially] plausible." Barnett, 414 Fed. App'x. at 786 (6th Cir. 2011) (citation omitted). However, Lott's proposed amended complaint regarding her hostile work environment claim does not contain sufficient factual material to state a claim to relief that is plausible on its face. See id. Thus, amendment as to her race discrimination and retaliation claims is not futile, but it would be futile as to her hostile work environment claim.

Therefore, the R&R's recommendation that Lott's race discrimination and retaliation claims be dismissed is **REJECTED**, but the R&R's recommendation that Lott's hostile work environment claim be dismissed is **ADOPTED**.

## I. Race Discrimination Claim

As to Lott's race discrimination claim, the R&R finds that "Plaintiff provides only conclusory statements and her impressions of discrimination rather than factual statements that could support . . . the [race discrimination] claim." (ECF No. 26 at PageID 140.) Lott objects, claiming that her proposed amended complaint alleges sufficient facts to support a race-discrimination claim. She is correct.

"Title VII makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." Shaw v. Resource MFG, No. 2:24-cv-2221-SHL-cgc, 2024 WL 2393059, at *2 (W.D. Tenn. May 23, 2024) (citation omitted). On a 12(b)(6) motion, "courts often look to the prima facie elements when determining whether a Title VII plaintiff has a cognizable claim." Four elements comprise a race discrimination claim under Title VII: "1) the plaintiff must be a member of a protected class, 2) they must suffer an

adverse employment action, 3) they must be qualified for their position, and 4) a similarly-situated employee outside of the protected class or classes must be treated more favorably than them." Turner v. Federal Express Corp., No. 2:20-cv-02271-JTF-tmp, 2022 WL 4082476, at *2 (W.D. Tenn. Sep. 6, 2022). However, a plaintiff "is not required to plead those elements to survive under Rule 12(b)(6)." Id.

Lott need only "allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference,' that the employer discriminated against a Plaintiff with respect to an adverse employment event." Id. (citation omitted). Lott's proposed amended complaint does just that. In it, she alleges differential treatment based on race by outlining that

> Plaintiff was qualified for her position and performed her job duties satisfactorily. Plaintiff is African American. Similarly situated white employees, including Holly Cantrell, were treated more favorably under similar circumstances. In or around April 2025, Defendant approved time-off requests for white employees by marking their requested dates on the work schedule. During the same period, Plaintiff's requests for time off were denied or restricted. Plaintiff was required to work approximately five to six 12-hour shifts per week, while similarly situated white employees were not required to work comparable schedules.

(ECF No. 24-1 at PageID 119–120.)

These allegations are sufficiently well-pled and bear the hallmarks of a typical Title VII race discrimination claim: membership in a protected class, an adverse employment action, qualification for her position, and better treatment by similarly situated employees outside of her class. On de novo review, Lott's objection to the race discrimination portion of the R&R's analysis is well-taken. This portion of the R&R is **REJECTED**.

## II. Retaliation Claim

Like its analysis on Lott's race discrimination claim, the R&R disposes of her retaliation claim because "Plaintiff provides only conclusory statements and her impressions of

discrimination rather than factual statements that could support . . . the [retaliation] claim." (ECF No. 26 at PageID 140.) Lott objects, claiming that her proposed amended complaint alleges sufficient facts to support a retaliation claim. Again, Lott is correct.

"To state a claim for retaliation under Title VII, a complaint must contain facts that plausibly suggest that: (1) the complainant acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action against the complainant; and (4) the adverse action had a causal connection to the protected activity." Tartt v. Tenn. Health Mgmt., Inc., No. 17-cv-02639-JPM-tmp, 2018 WL 1146641, at *4 (W.D. Tenn. Feb. 9, 2018), report and recommendation adopted, 2018 WL 1146393 (W.D. Tenn. Mar. 2, 2018). "Employees engage in 'protected activity' when they oppose practices 'made unlawful under Title VII.'" Young v. Bernhard MCC, LLC, 602 F. Supp. 3d 1065, 1069 (M.D. Tenn. 2022) (citation omitted). "So, for example, 'complaining about discriminatory treatment' is a protected activity, and an employer may not retaliate against an employee for making such complaints." Id. (citation omitted).

As with her race discrimination claim, "'[d]etailed factual allegations are not necessary[,]" instead, Lott "need only allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that an employer violated Title VII." Bar v. Kalitta Charters II, LLC, No. 21-1739, 2022 WL 3042844, at *3 (citation omitted). In her proposed amended complaint Lott alleges facts sufficient to satisfy the 12(b)(6) standard:

> Plaintiff reported the December 8, 2024 incident, her fear for her safety, and the ongoing discriminatory treatment to management.[2] After Plaintiff's complaints,

[2] The December 8, 2024 incident refers to one of Lott's coworkers "deliberately contact[ing] two white nurses . . . who were not scheduled or authorized to work, and directed them to come to the facility" where Lott was working, where they "physically confronted [Lott]

> Plaintiff was removed from her assignment rather than the involved employees being disciplined. Plaintiff was subjected to increased workload demands and scheduling instability following her reports.

(ECF No. 24-1 at PageID 121.) These allegations are sufficiently well-pled. Lott alleges that she reported discriminatory treatment, a protected activity under Title VII. See Young, 602 F. at 1069. She alleges that she reported the discriminatory treatment to management, so it is reasonable to infer that Defendant knew that Lott engaged in a protected activity. (See ECF No. 24-1 at PageID 120 (where Lott alleges that "Defendant was made aware of the threatening confrontation and of Plaintiff's fear for her safety").) Further, Lott alleges that, in response to her protected activity, she "was removed from her assignment" and was "subjected to increased workload demands." See, e.g., Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 70–71 (2006) ("Common sense suggests that one good way to discourage an employee . . . from bringing discrimination charges would be to insist that she spend more time performing the more arduous duties and less time performing those that are easier or more agreeable."). (Id. at PageID 121.) Finally, Lott alleges that the retaliation followed her complaints,[3] which plausibly pleads a causal connection between the adverse action and the protected activity. Cf. Lucas v. KIK Custom Prod., No. 14–cv–03017–SHL–dkv, 2015 WL 3408750, at *5 (W.D. Tenn. May 27, 2015) (quoting Parnell v. West, 114 F.3d 1188, at *3 (6th Cir. 1997) (Table) (collecting cases)

---

in an aggressive and threatening manner[,]" which caused Lott to "fear[] for her personal safety and her life." (ECF No. 24-1 at PageID 120.)

[3] Plaintiff complained to management and then was subjected to increased workload demands and scheduling instability following the December 8, 2024 incident. (ECF No. 24-1 at PageID 121.) Plaintiff's employment was terminated April 1, 2025. Therefore, Plaintiff must have engaged in the protected activity and suffered adverse action within a four-month timeframe.

("[C]ases that have permitted a prima facie case to be made based on the proximity of time have all been short periods of time, usually less than six months.").

On de novo review, the portion of the R&R dismissing Lott's retaliation claim is **REJECTED**.

### III. Hostile Work Environment

The R&R's analysis of Lott's hostile work environment claim posits that Lott's alleged facts are "not indicative of [the] level of hostility [required] to state a claim." (ECF No. 26 at PageID 140.) Lott objects, claiming that her proposed amended complaint alleges sufficient facts to support this claim. For the reasons explained below, the R&R reaches the correct conclusion because allowing Lott to amend her complaint would be futile with respect to the hostile work environment claim.

To state a claim for hostile work environment based on race, a plaintiff must establish that

> (1) plaintiff is a member of a protected class; (2) plaintiff was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment; and (5) the defendant knew or should have known of the harassment and failed to act.

EEOC v. Skanska USA Bldg., Inc., 80 F. Supp. 3d 766, 772 (W.D. Tenn. 2015). At the 12(b)(6) stage, a Plaintiff "is not required to establish a prima facie claim." Myrtil v. Serra Chevrolet, LLC, No. 2:22-cv-02595-MSN-tmp, 2023 WL 6367667, at *5 (W.D. Tenn. Sep. 29, 2023).

In determining "[w]hether conduct was sufficiently severe and pervasive is based on the totality of the circumstances." Id. (citation omitted). Courts consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work

performance." Id. (citation omitted). These considerations should be evaluated based on "all incidents of alleged harassment." Id. (citation omitted).

Lott's hostile work environment claim centers on allegations surrounding a December 8, 2024, incident. (ECF No. 24-1 at PageID 120, 122.) Lott alleges that on December 8, 2024, a coworker "contacted two white nurses, . . . who were not scheduled or authorized to work, and directed them to come to [a] facility" where Lott was working. (Id. at PageID 120.) Lott alleges that these "unauthorized employees arrived at the workplace and physically confronted Plaintiff in an aggressive and threatening manner." (Id.) Plaintiff alleges that this occurred "in the context of an ongoing pattern of racially hostile conduct," and "constituted an act of racial intimidation that placed Plaintiff in imminent fear for her safety."

On first blush, these allegations are troubling. However, they lack "sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that" her employer created a hostile work environment. Bar, 2022 WL 3042844, at *3 (citation omitted). Lott's allegations fail to contain the details necessary to satisfy the plausible pleading standard. She does not explain what this "physical confrontation" entailed. Nor does she explain, with specificity, how the incident "constituted an act of racial intimidation," other than that the two individuals who confronted her were white and that she is black.

Therefore, on de novo review, the portion of the R&R dismissing Lott's hostile work environment claim is **ADOPTED**.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** the R&R by **DISMISSING** Plaintiff's hostile work environment claim and by **DENYING** Plaintiff's motion to amend her

complaint with respect to the hostile work environment claim. In all other respects, the R&R is **REJECTED**. Plaintiff's race discrimination and retaliation claims shall proceed, and Plaintiff's proposed amended complaint, (ECF No. 24-1), is now the operative complaint.

**IT IS SO ORDERED,** this 25th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE